O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 08-8233 PSG (Rcx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Daniel Paul Arthur v. Wayne E. Douglas, Sr. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

Not Present                                                             Not Present

**Proceedings:**     **(In Chambers) Order Granting Defendant's Motion for Lack of Personal Jurisdiction**

Before this Court is Defendant's Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer Venue or Stay the Proceedings. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion to Dismiss for Lack of Personal Jurisdiction.

I.     BACKGROUND

This action arises out of a real estate transaction between Daniel Paul Arthur ("Arthur") and Florence Diaz Gata ("Gata") (collectively, "Plaintiffs"), on the one hand, and Wayne E. Douglas, Sr. ("Defendant"), on the other hand. While driving around Florida, Plaintiffs saw a sign on the corner of S.W. 80th and County Road 18, advertising available lots in Hampton, Florida, in the Edith Ellen Estates subdivision.[1] This was the first time Plaintiffs became aware of the Edith Ellen Estates subdivision.[2]

On December 16, 2005, Plaintiffs and Defendant entered into a "Contract for Sale and Purchase" for the purchase, by Plaintiffs, of real property located at S.W. 80th Place, Hampton, Florida, 32044. Plaintiffs planned on building a home on the approximately two acres they

---

[1] *Taylor Decl.*, *Ex.* F (*Arthur Depo.*), at 6:8-20; *Taylor Decl.*, *Ex.* G (*Gata Depo.*), at 6:8-11.
[2] *Taylor Decl.*, *Ex.* F (*Arthur Depo.*), at 6:8-10.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 08-8233 PSG (Rcx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Daniel Paul Arthur v. Wayne E. Douglas, Sr. | | |

purchased. However, they allege that the lot purchased is a "jurisdictional wetland" on which they cannot build a home. This fact, according to Plaintiffs, was never disclosed to them by Defendant.

On December 15, 2008, Plaintiffs, appearing pro se, filed the instant action in this Court. In their Complaint, they allege, inter alia, that by failing to disclose the nature of the property sold to them, Defendant violated various provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C §§ 1701 et seq., and its accompanying regulations. Defendant presently moves to dismiss this action on two independent grounds, lack of personal jurisdiction and improper venue. In the alternative, Defendant also moves to transfer this action to Florida or to stay this action pending resolution of a related state-court action.[3]

II.     LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir 2004). Where, as here, the court makes its jurisdictional finding based on pleadings and affidavits rather than after holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995); *see also Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993).

In determining whether the plaintiff has presented a prima facie case, the court must assume the truth of the complaint's uncontroverted allegations. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). However, once the defendant has contradicted allegations contained in the complaint, plaintiff may not rest on the pleadings, but must instead present admissible evidence to support the court's exercise of personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Just as the court will accept plaintiff's uncontroverted jurisdictional allegations as true, the court will also resolve any factual disputes in plaintiff's favor. *See Harris Rutsky*, 328 F.3d at 1129 (citations omitted).

III.    DISCUSSION

---

[3] The Court chooses to address only Defendant's motion to dismiss for lack of personal jurisdiction, as the Court's determination of this motion renders moot Defendant's remaining motions.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8233 PSG (Rcx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Daniel Paul Arthur v. Wayne E. Douglas, Sr. | | |

Generally, determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether the forum state's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction violates federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (citations omitted). However, because California's long-arm jurisdictional statute is coextensive with federal due process requirements, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10), the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause. *Rocke v. Canadian Auto. Sport Club,* 660 F.2d 395, 398 (9th Cir. 1981). Accordingly, jurisdiction is proper over a nonresident defendant "if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks and citation omitted). Under this analysis, a state may exercise either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

 A. <u>General Jurisdiction</u>

The Court first considers whether general jurisdiction exists in this case. For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts," *Helicopteros*, 466 U.S. at 416 (citation omitted), that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The Complaint contains no allegations that Defendant's contacts are so "continuous and systematic" that general jurisdiction is warranted. *See Helicopteros*, 466 U.S. at 418. In fact, Defendant appears to have had very little contact with California whatsoever, if any at all. The Court realizes that the Complaint contains vague allegations referencing solicitations and proposals of land for sale advertised on listing services, in print ads, and on the Internet. However, there is no indication that these advertisements ever made their way into California nor were otherwise accessed by people in California via the Internet. Accordingly, the Court finds general jurisdiction lacking in this case.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 08-8233 PSG (Rcx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Daniel Paul Arthur v. Wayne E. Douglas, Sr. | | |

B. Specific Jurisdiction

The Court next considers whether there is specific jurisdiction in this case. Such specific jurisdiction requires a showing that:

(1) The non-resident defendant . . . purposefully direct[ed] [her] activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which [she] purposefully avail[ed] [herself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1555 (9th Cir. 2006). If, however, the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

    1. Purposeful Availment/Direction

Under the first prong of the controlling test, Plaintiffs must establish that Defendant either purposefully availed himself of the privilege of conducting activities in California or purposefully directed his activities toward California. *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Where, as here, the suit sounds in tort, courts in this Circuit generally apply a purposeful direction analysis derived from the "effects" test articulated in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 904 (1984). *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The effects test requires a showing that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8233 PSG (Rcx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Daniel Paul Arthur v. Wayne E. Douglas, Sr. | | |

knows is likely to be suffered in the forum state. *Id.*; *see also Bancroft & Masters*, 223 F.3d at 1087.

Here, the Complaint does not contain any allegations that Defendant purposely directed his activities toward California. In fact, from the face of the Complaint it appears that Defendant has only directed his activities toward Florida. Moreover, even if the Court were to conclude that there were sufficient allegations on this issue, the uncontroverted evidence nevertheless calls for a ruling in Defendant's favor. Plaintiffs first became aware of the property at issue while driving in Florida. *Taylor Decl.*, *Ex.* F (*Arthur Depo.*), at 6:8-10. The property was being advertised on a billboard sign just miles from the location of the property. *Taylor Decl.*, *Ex.* F (*Arthur Depo.*), at 6:8-20; *Taylor Decl.*, *Ex.* G (*Gata Depo.*), at 6:8-11. Additionally, the offer for the sale of the land was made in Florida and the agreement was signed in Florida. In other words, the allegations demonstrate that this is an action concerning the purchase of some land that is located in Florida. The relevant events leading up to the purchase of the land all occurred in Florida. It is, thus, an entirely Florida-based action.

Plaintiffs seem to suggest that the mere fact they were residents of California at the time they entered into this agreement is sufficient to satisfy this first prong. But the Court disagrees.[4] In *Calder v. Jones*, 465 U.S. 783, the Supreme Court analyzed whether a non-resident's libelous story was purposely directed toward a California resident. In finding that purposeful direction existed, the Court noted that the story concerned the resident's California activities, affected her business, which was centered in California, and was drawn from California sources. *Id.* at 788-89. Additionally, the Court observed that the brunt of the harm would be suffered in California. *Id.* at 789. Unlike the plaintiff in *Calder*, the entirety of the activities here is centered in Florida. And while it may very well be true that, in a very remote sense, Plaintiffs might suffer harm in California, the true location of the harm suffered is in Florida, where the property lies. Accordingly, the Court finds that Plaintiffs' residency, in and of itself, is insufficient to demonstrate that Defendant purposely directed his activities to California.

---

[4] The Court also notes that Plaintiff's prior judicial admissions contradict their current position on this point. *Compare Compl.* ¶ 5 ("Plaintiff Arthur is and was, at all material times, an individual residing in Los Angeles County, California and who is *sui juris*.") *with Taylor Decl.*, *Ex.* C (Second amended complaint in *Daniel Paul Arthur v. Stephen F. Smith*), at 2:3 ("Plaintiff Arthur is and was, at all material times, an individual residing in Bradford County, Florida and who is *sui juris*).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8233 PSG (Rcx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Daniel Paul Arthur v. Wayne E. Douglas, Sr. | | |

Lastly, the Court considers an argument Plaintiffs raise in an untimely opposition. It seems that Plaintiffs believe that Defendant purposely directed his activities toward California by advertising nationally property like that at issue in this case. However, the Court disagrees. In *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998), the Ninth Circuit considered whether a defendant who was acting as a "spoiler" by preventing the plaintiff and others from doing business on the Internet had purposely directed his activities toward California. In concluding that the defendant had "expressly aimed" his activities at California, the Ninth Circuit noted that the defendant was engaged in a "scheme," with knowledge that his scheme would intervene with that particular plaintiff's business in California. *Id.* at 1322-23.

Any semblance between this case and *Panavision* is superficial only. In *Panavision*, not only was there evidence that the defendant targeted the plaintiff, but there was also evidence that the defendant knew the plaintiff lived in California and knew the harm would be felt in California. Here, by contrast, there is no evidence that Defendant expressly aimed his activities at Plaintiffs via the Internet. Moreover, as stated above, the true location of the harm suffered is in Florida, where the property lies, not in California where Plaintiffs allegedly resided during all material times. Accordingly, absent something more, the sole act of advertising nationally on the Internet in and of itself is insufficient to find that a defendant purposely directed her activities toward California.

There is yet another reason why this argument fails. Even assuming that such advertisement is sufficient to find that Defendant purposely directed his activities toward California, Plaintiffs must still demonstrate that they would not have suffered loss "but for" Defendant's forum-related activities. *See Panavision*, 141 F.3d at 1322. The Complaint does not indicate that Plaintiffs traveled to Florida to scout property *after* reading Defendant's advertisements. In fact, there is nothing in the Complaint that links the Internet advertising with Plaintiff's actions. And while Plaintiffs argue in their untimely opposition that certain advertisements "resulted in enticing the Plaintiffs to travel" to certain counties in Florida, these unsubstantiated averments are contradicted by Arthur's own testimony that he first became aware of the property at issue while driving in Florida. *Taylor Decl.*, *Ex.* F (*Arthur Depo.*), at 6:8-10. Moreover, they became aware of the property, not by way of the Internet, but by way of a billboard sign located at an intersection in Florida. *Taylor Decl.*, *Ex.* F (*Arthur Depo.*), at 6:8-20; *Taylor Decl.*, *Ex.* G (*Gata Depo.*), at 6:8-11. Thus, Plaintiffs have failed to demonstrate that their claim is one which arises out of or relates to the defendant's forum-related activities. *Schwarzenegger,* 374 F.3d at 802.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 08-8233 PSG (Rcx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Daniel Paul Arthur v. Wayne E. Douglas, Sr. | | |

In summary, Plaintiffs have failed to adequately demonstrate that Defendant purposely directed his activity toward California. For this reason alone, the Court cannot exercise personal jurisdiction over Defendant. *Pebble Beach Co.*, 453 F.3d at 1555.

　　　　2.　　Arises Out of or Relates to Defendant's Forum-Related Activities

Since Plaintiffs cannot satisfy the first prong of the jurisdictional analysis, there is no need for the Court to determine whether Plaintiffs can satisfy the second prong. *Id.*

IV.　CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**